IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CALVIN GOOLSBEE #1797790,
        Plaintiff,

-vs-                                              Case No. A-15-CA-32-SS

KIMBERLY PEIRCE, WILLIE PEIRCE, CHARLES D. POPPER, A. MENDEZ, JOHN K. DIETZ, ALICIA KEY, CHASE BANK, AND WELLS FARGO BANK,
        Defendants.

**ORDER**

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Calvin Goolsbee #1797790's Complaint [#1], the Report and Recommendation of United States Magistrate Judge [#5], and Plaintiff's Objections to Recommendation of Magistrate Judge [#7]. Having reviewed the file, the documents, and the governing law, the Court now enters the following opinion and orders.

      All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Goolsbee is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Goolsbee, proceeding *pro se*, brings this 28 U.S.C. § 1983 action against Defendants Kimberly Peirce, apparently the mother of Goolsbee's child; Willie Peirce, Ms. Pierce's husband; Charles Popper, the court-appointed attorney who represented Goolsbee in proceedings concerning Goolsbee and Peirce's child; Judge John Dietz, who presided over those proceedings; A. Mendez, the child support master appointed by the court; Assistant Attorney General Alicia Key; Chase Bank; and Wells Fargo Bank. Goolsbee alleges Defendants conspired to steal money from him in a scheme apparently involving the allegedly wrongful garnishing of Goolsbee's wages to pay child support.

According to Goolsbee, in 1995, he was summoned to court in Austin, Texas for paternity proceedings concerning Ms. Peirce's child, and Popper was appointed to represent Goolsbee in those proceedings. Goolsbee alleges while he appeared, Ms. Peirce twice failed to appear. Goolsbee states following Ms. Peirce's second failure to appear, Goolsbee asked Popper whether he could take a DNA test to prove he did not father Ms. Peirce's child. Popper allegedly advised Goolsbee a DNA test was not possible since the child could not be found.

Apparently, a paternity hearing was held on December 6, 1995, at which Goolsbee did not appear. Goolsbee asserts Ms. Peirce's child's surname was changed to "Goolsbee" during that hearing, and alleges following the hearing, "[w]ithout my knowledge or participation money was being stolen from every check I made since at least 12-20-95," presumably to pay child support. *See* Compl. [#1] at 4C. According to Goolsbee, he became aware of the wage garnishment in 2013,

when all of the money in his prison commissary account disappeared and "I then got my hands on a copy of minutes from Travis County foreclosure of child support lien." *Id.* at 4D.

Goolsbee alleges Mr. and Ms. Peirce "hatched" a "conspiracy" to steal Goolsbee's money in which all of the other defendants participated. *Id.* at 4A. Goolsbee requests: the return of all monies taken from his prison commissary account and from his Chase and Wells Fargo accounts; a DNA test to prove paternity of Ms. Peirce's child; correction of the child's birth certificate; a hearing with the Child Support Division; punitive damages; and criminal prosecution of Defendants.

At the time Goolsbee filed his Complaint, he was incarcerated in the Billy Moore Correctional Center. Goolsbee has been granted leave to continue *in forma pauperis*.

## Analysis

This Court shall dismiss a case brought *in forma pauperis* if the Court determines the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). Such a dismissal may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

This Court lacks jurisdiction to hear Goolsbee's claims under the *Rooker-Feldman* doctrine. As the Fifth Circuit has explained:

> The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of

> state courts. If a state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). In other words, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

Although Goolsbee has filed this suit under § 1983, he appears to be challenging a state court judgment ordering him to pay child support. Consequently, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to entertain Goolsbee's claim. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and invoking district court review and rejection of those judgments"). As there is no basis for this Court to assert jurisdiction, dismissal is warranted.

Alternatively, the Court agrees with the Magistrate Judge that Goolsbee fails to state a § 1983 claim and dismissal is therefore appropriate under § 1915(e). "The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (quoting § 1983). Goolsbee alleges no violation of his constitutional rights; ultimately, he is complaining about his child support obligations.

Additionally, as the Magistrate Judge explained in his Report and Recommendation, none of the defendants are amenable to suit under § 1983. Judge Dietz is entitled to absolute judicial immunity, as Goolsbee does not allege any actions taken by Judge Dietz that were non-judicial in

nature or performed in the clear absence of all jurisdiction. *See Mireless v. Waco*, 502 U.S. 9, 11 (1991) (explaining absolute judicial immunity is overcome only where the actions complained of were either non-judicial or taken in complete absence of all jurisdiction). To the extent Goolsbee seeks monetary relief from A. Mendez and Alicia Key in their official capacities, they are immune from suit under the Eleventh Amendment, *see Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." (internal quotation omitted)), and to the extent Goolsbee alleges Key and Mendez's actions violated his Constitutional rights, Goolsbee fails to state a claim. In his objections, Goolsbee mentions double jeopardy, illegal search and seizure, and due process. Double jeopardy and the Fourth Amendment clearly do not apply, as Goolsbee has neither been tried twice for the same criminal offense nor asked to comply with a police investigation or search. Concerning due process, Goolsbee's unsubstantiated and unsworn allegation he had no notice of the final paternity hearing, despite having received notice of and appeared in the previous hearings, fails to state a claim for violation of due process.

Finally, Mr. and Ms. Peirce, Charles Popper, Chase Bank, and Wells Fargo Bank are not state actors, and although willful private participants in joint action with state actors act under color of state law for § 1983 purposes, *see Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), Goolsbee's conclusory allegations of conspiracy fail to state a claim.

Consequently, Goolsbee's complaint fails to state a claim upon which relief may be granted. The Magistrate Judge's recommendation of dismissal is therefore warranted.

## Warning

Plaintiff is warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

## Conclusion

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#5] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Calvin Goolsbee #1797790's Objections [#7] are OVERRULED;

IT IS FURTHER ORDERED that Plaintiff Calvin Goolsbee #1797790's Complaint [#1] is DISMISSED WITHOUT PREJUDICE for want of jurisdiction; and

IT IS FINALLY ORDERED that the Clerk of Court send a copy of this Court's Order and Judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

SIGNED this the 6th day of April 2015.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE